

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| vs. § | Criminal Action No. 0:17-765-MGL-1 |
| § | |
| ZADGERY COLLINS MCNEIL, § | |
| Defendant. § | |

**MEMORANDUM OPINION AND ORDER**
**DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**

**I.    INTRODUCTION**

Pending before the Court is Defendant Zadgery Collins McNeil's (McNeil) motion for compassionate release. Having carefully considered the motion, the response, the reply, the record, and the applicable law, it is the judgment of the Court the motion will be denied.

**II.    FACTUAL AND PROCEDURAL HISTORY**

McNeil pled guilty to felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), as well as possession with intent to distribute a quantity of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(D), and 851.

At sentencing, McNeil received a total offense level of twenty-seven and twelve criminal history points, which resulted in a criminal history category of VI. Together, this meant McNeil's guideline range was 130 to 162 months. The Court thus sentenced him to a total of 150 months of

imprisonment, followed by four years of supervised release. He has a projected release date of February 27, 2028.

McNeil previously filed a motion for compassionate release, which the Court denied. He then filed this motion. The government responded, and McNeil replied. Having been fully briefed on the relevant issues, the Court will now adjudicate the motion.

### III.   STANDARD OF REVIEW

After a defendant has exhausted his administrative remedies, "[a] district court analyzes [his] compassionate release motion in two steps." *United States v. Woody*, 115 F.4th 304, 310 (4th Cir. 2024).

"First, the [C]ourt must determine [the defendant] is eligible for a sentence reduction because he has shown 'extraordinary and compelling reasons' for release." *United States v. Centeno-Morales*, 90 F.4th 274, 279 (4th Cir. 2024) (citing *United States v. Hargrove*, 30 F.4th 189, 194–95 (4th Cir. 2022)); 18 U.S.C. § 3582(c)(1)(A)(i). In doing so, the Court must consider whether the extraordinary and compelling reasons set forth by the defendant are "consistent with applicable policy statements issued by the Sentencing Commission[.]" 18 U.S.C. § 3582(c)(1)(A).

The policy statement identifies six circumstances that, individually or in combination, may provide extraordinary and compelling reasons for a sentence reduction: (1) certain medical circumstances of the defendant; (2) the defendant's age and conditions related thereto; (3) the defendant's family circumstances; (4) the fact the defendant, while in custody, was the victim of sexual or physical abuse committed by, or at the direction, of a correctional officer, (5) the presence of "any other circumstance or combination of circumstances . . . similar in gravity to" other

enumerated circumstances; and (6) under certain circumstances, where there has been a qualifying change in law. U.S.S.G. § 1B1.13(b).

"Second, the [C]ourt [must] consider[] whether the 18 U.S.C. § 3553(a) [(Section 3553(a))] sentencing factors support relief." *Moody*, 115 F.4th at 310 (citing *United States v. Bond*, 56 F.4th 381, 383 (4th Cir. 2023)). "District courts 'enjoy broad discretion' in evaluating the [Section] 3553(a) factors when deciding a motion for compassionate release." *Id.* (quoting *United States v. Bethea*, 54 F.4th 826, 834 (4th Cir. 2022)).

## IV.  DISCUSSION AND ANALYSIS

As an initial matter, the government concedes McNeil has exhausted his administrative remedies. *See* 18 U.S.C. § 3582(c)(1)(A) (explaining a defendant may bring a motion for compassionate release only after he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier"). The Court will thus turn to the merits of his motion.

### A.  *Whether McNeil presents extraordinary and compelling reasons warranting a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)*

#### 1.  *Whether a change in the law constitutes an extraordinary and compelling reason*

McNeil asserts the recent enactment of Amendment 829 to the U.S.S.G. is an extraordinary and compelling reason for compassionate release. He evidently relies on U.S.S.G. § 1B1.13(b)(6), which states:

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the

3

sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

Even assuming McNeil received an unusually long sentence, he has yet to serve at least ten years of his sentence. This alone renders U.S.S.G. § 1B1.13(b)(6) inapplicable.

Moreover, the effective date of Amendment 829 is November 1, 2024, and the United States Sentencing Commission has yet to declare it retroactive. *See, e.g.*, *United States v. John*, No. 21-cr-134, 2024 WL 5155627, at *3 (S.D.N.Y. Dec. 18, 2024) ("Amendment 829 is not retroactive."). As the Court indicated above, U.S.S.G. § 1B1.13(b)(6) states "amendment[s] to the [U.S.S.G.] that [have] not been made retroactive" fail to constitute a qualifying change in law. U.S.S.G. § 1B1.13(b)(6); *see United States v. Jeanville*, No. 21-20126, 2025 WL 92376 (S.D. Fla. Jan. 14, 2025) ("[U.S.S.G. § 1B1.13(b)(6)] does not apply to . . . Amendment 829."). The Court is therefore unable to conclude Amendment 829 is an extraordinary and compelling reason for compassionate release.

### 2. *Whether McNeil's family circumstances constitute extraordinary and compelling reasons*

McNeil also asserts his family circumstances constitute extraordinary and compelling reasons warranting compassionate release. Specifically, McNeil alleges he should be entitled to release because he needs to care for his seventeen-year-old son, who currently lives with McNeil's parents. The government, however, contends McNeil has failed to meet his burden of establishing such circumstances rise to the level of extraordinary and compelling reasons.

To constitute an extraordinary and compelling reason based on the defendant's need to care for his minor child, the policy statement requires "[t]he death or incapacitation of the caregiver of the defendant's minor child . . . ." U.S.S.G. § 1B1.13(b)(3)(A).

4

Initially, the Court is unpersuaded McNeil's parents are incapacitated. McNeil claims his parents have neither the time, energy, nor funds to care for his son. But, this fails to constitute incapacitation.

Further, even assuming McNeil's parents are incapacitated, McNeil has nevertheless failed to demonstrate other caregivers are unavailable. The record indicates McNeil has numerous relatives, including an adult daughter, brother, uncle, aunt, cousin, and grandfather, most of whom live in or around Rock Hill, South Carolina. Yet, McNeil has neglected to allege these individuals are unavailable to care for his son.

For all these reasons, the Court determines McNeil's family circumstances fail to rise to the level of extraordinary and compelling reasons.

> 3. *Whether McNeil's rehabilitative efforts constitute extraordinary and compelling reasons*

McNeil also maintains his completion of several First Step Act programs while in custody constitutes extraordinary and compelling reasons for compassionate release. But, the government notes rehabilitation alone is insufficient to meet this threshold. And, in any event, the government emphasizes McNeil has a history of disciplinary violations. In fact, as recently as May 2025, McNeil threatened bodily harm and possessed an unauthorized item, resulting in his relocation to the Special Housing Unit.

Although McNeil has completed rehabilitative programs for which the Court commends him, such strides fail to warrant a sentence reduction. *See* 28 U.S.C. § 994(t) (explaining "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason"). The Court is thus unpersuaded McNeil's efforts, particularly in combination with his disciplinary history, constitute extraordinary and compelling reasons for compassionate release.

### B.     Whether the Section 3553(a) factors weigh in favor of a sentence reduction

Even if the Court determined extraordinary and compelling circumstances exist in this case, analysis of the Section 3553(a) factors would nevertheless preclude any reduction in McNeil's sentence.  *See* 18 U.S.C. § 3582(c)(1)(A) (explaining the Court may grant compassionate release only "after considering the factors set forth in [S]ection 3553(a) to the extent that they are applicable").  These factors include:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed—
    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    (B) to afford adequate deterrence to criminal conduct;
    (C) to protect the public from further crimes by the defendant;
    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available;
(4) the kinds of sentence and the sentencing range established for [the offense] . . . ;
(5) any pertinent policy statement . . . issued by the Sentencing Commission . . . [;]
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

McNeil, a known drug dealer in the Rock Hill area, pled guilty to a serious offense.  He engaged in a neighborhood shoot out after an argument arose over a Facebook post.  An officer witnessed him fire three shots, one of which happened to be in the direction of the officer.  McNeil then fled the scene, led officers on a high-speed chase, crashed his vehicle into a residence, and fled on foot to a home with multiple adults and children present.  Law enforcement later discovered 348.9 grams of marijuana in the trunk of his vehicle.

McNeil also has an extensive criminal history, including convictions for assault and battery, possession of marijuana, receiving stolen goods, driving under suspension, leaving the scene of an accident with damage, assault and battery of a high and aggravated nature, providing false information to law enforcement, possession with intent to distribute marijuana, distribution of marijuana, and felon in possession. Indeed, these convictions resulted in the Court designating McNeil a career offender and assigning him a criminal history category of VI at sentencing.

As the Court mentioned above, McNeil has taken steps toward rehabilitating himself while in custody. But, he also has an established history of disciplinary violations, with his most recent incident being in May of this year. And, although the Court is pleased with McNeil's rehabilitation efforts and encourages him to continue them, McNeil has done no more than the Court hopes of every defendant. *Cf.* 28 U.S.C. § 994(t) (explaining "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason").

Additionally, McNeil's sentence is at the bottom two-thirds of his guidelines range, and it fails to create any unwarranted disparities among similarly situated defendants.

Thus, upon balancing the Section 3553(a) factors, the Court determines McNeil is unentitled to a sentence reduction. His current sentence is sufficient but no longer than necessary to promote respect for the law, provide adequate deterrence, and reflect the seriousness of his offense, and it is a just punishment in this case. The Court will therefore deny McNeil's motion for compassionate release.

### V.   CONCLUSION

Wherefore, based on the foregoing discussion and analysis, it is the judgment of the Court McNeil's motion for compassionate release, ECF No. 95, is **DENIED**.

**IT IS SO ORDERED.**

Signed this 30th day of June 2025, in Columbia, South Carolina.

                                          s/ Mary Geiger Lewis
                                          MARY GEIGER LEWIS
                                          UNITED STATES DISTRICT JUDGE